Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
Diana M. Torres (SBN 162284)
diana.torres@kirkland.com
Tanya Greene (SBN 267975)
tanya.greene@kirkland.com
Lauren Schweitzer (SBN 301654)
lauren.schweitzer@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California  90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiff
CADENCE DESIGN SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SKYWORTH DIGITAL HOLDINGS LTD.; SHENZHEN SKYWORTH AUTOMOBILE ELECTRONICS CO. LTD.; SKYWORTH ELECTRONIC APPLIANCE LTD.; SKYWORTH ELECTRONICS INC.; SKYWORTH USA CORPORATION,<br><br>Defendants. | CASE NO. 5:18-cv-02474<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:**<br><br>**1.  COPYRIGHT INFRINGEMENT;**<br>**2.  CIRCUMVENTION OF ACCESS CONTROLS;**<br>**3.  BREACH OF CONTRACT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cadence Design Systems, Inc. ("Cadence") brings this action against defendants, Skyworth Digital Holdings Ltd. ("Skyworth Parent"), Shenzhen Skyworth Automobile Electronics Co. Ltd. ("Skyworth Auto"), Skyworth Electronic Appliance Ltd. ("Skyworth EA"), and Skyworth Electronics Inc. ("US Skyworth"), Skyworth USA Corporation ("Skyworth USA Corp.") (collectively, "Skyworth") for injunctive relief and damages. The allegations herein are made based on personal knowledge as to Cadence and its own actions and interactions, and upon information and belief as to all other matters.

## INTRODUCTION

1. This case is about the repeated illegal use by Skyworth, one of the top manufacturers of color televisions worldwide, of "cracked" copies of Cadence's valuable, high-end electronic design automation ("EDA") software to design and create the popular televisions and other audio-visual products sold in the United States. Although Skyworth licensed 11 copies of Cadence software, Cadence has discovered unauthorized copies of its software on hundreds of computers belonging to or affiliated with Skyworth. Even before engaging in discovery, Cadence has evidence that Skyworth used unauthorized Cadence software over 186,000 times.

2. Skyworth's use of unauthorized copies of Cadence software violates the terms of the license agreements Skyworth entered with Cadence.

3. Through its extensive unauthorized use of Cadence's valuable software, Skyworth has avoided paying millions of dollars in license fees and thereby obtained for itself an unfair advantage, not only with respect to Cadence, but against Skyworth's competitors who abide by the law and obtain licenses for critically important EDA software legally. Using Cadence software without authorization, Skyworth has risen to be a highly successful consumer electronics company.

4. Skyworth's executives are well aware of Skyworth's extensive unauthorized use of Cadence's software, as Cadence has given Skyworth compelling proof, which Skyworth has disregarded. Cadence therefore brings this action for copyright infringement, circumvention of access controls, and breach of contract.

## THE PARTIES

5. Plaintiff Cadence Design Systems, Inc. is a Delaware corporation with its principal

place of business located at 2655 Seely Avenue, San Jose, California 95134.  Cadence makes sophisticated software and other tools used by engineers to design and verify computer chips, packages, printed circuit board interconnects and systems.

6. Defendant Skyworth Parent is a Bermuda corporation with its principal place of business in Quarry Bay, Hong Kong.

7. Defendant Skyworth Auto is a British Virgin Islands corporation with its principal place of business in Shenzhen, People's Republic of China.

8. Defendant Skyworth EA is a Hong Kong corporation with its principal place of business in Quarry Bay, Hong Kong.

9. Defendant US Skyworth is a California corporation with its principal place of business in City of Industry, California.

10. Defendant Skyworth USA Corp. is a California corporation with its principal place of business in West Covina, California.

11. Skyworth Parent, Skyworth Auto, Skyworth EA, US Skyworth, and Skyworth USA Corp. are alter egos of one another, acting as a single enterprise, and are agents for each other.  Among other things, Skyworth EA and Skyworth Parent share offices.  And US Skyworth is one of several research and development centers for Skyworth Parent's products.  Further, according to US Skyworth's counsel, US Skyworth is a "pure trading company."

12. Moreover, Skyworth Auto, Skyworth EA, US Skyworth, and Skyworth USA Corp. each deal in audiovisual products sold under the "Skyworth" brand.  The various Skyworth entities also hold themselves out as one group engaged in a single enterprise which expressly hires employees to work for this single enterprise.  For example, recent job postings for positions with Skyworth USA Corp. tell applicants in the "About Skyworth" section that "Skyworth Group was founded in 1988 with the head office in Shenzhen's High Tech Industrial Park. . . Skyworth Group is a large, high-tech company with more than 40,000 employees . . . With the company growing and expanding in the US, we are looking for an E-Commerce Account Manager in the TV industry who will take on this role with an organization known for quality and service."

13. Additionally, directors of the Skyworth entities hold concurrent positions as directors

of multiple Skyworth entities.  And, there is a set of managers and directors for "The Group" (defined as Skyworth Parent together with its subsidiaries).  For example, Skyworth's 2016-2017 Annual Report describes when various directors joined "The Group."  According to this report, Lai Welde is "an Executive Director and a director of certain subsidiaries of the Company [Skyworth Parent]."  The same is true of Liu Tangzhi and Lin Wei Ping.  Similarly, Sun Rulkin is "the vice president of the Group, head of human resources department and also a director of certain subsidiaries of the Company [Skyworth Parent]."  And Jianguo Chen, identified in public filings as US Skyworth's Chief Executive Officer and Chief Financial Officer, has been with the Skyworth Group since 2004 and has also held management positions with other Skyworth entities.

14. In fact, when Cadence confronted Skyworth about its unauthorized use of Cadence software, Skyworth retained counsel to represent "Skyworth Group."  The attorney retained to represent Skyworth Group was the same attorney who US Skyworth had retained several weeks prior to represent it in connection with this dispute.

15. In sum, Skyworth Auto, Skyworth EA, US Skyworth, Skyworth USA Corp. are used as a mere shell or conduit for Skyworth Parent's affairs.  Additionally, Skyworth Auto, Skyworth EA, US Skyworth, and Skyworth USA Corp. are each majority-owned subsidiaries of Skyworth Parent.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, *et seq.* (copyright infringement), 17 U.S.C. § 1201, *et seq.* (circumvention of access controls), and 28 U.S.C. §§ 1331 (federal question jurisdiction), 1338(a) and 1338(b).  This Court has supplemental jurisdiction over the Third Cause of Action below, pursuant to 28 U.S.C. § 1367(a).

17. Defendants are subject to personal jurisdiction in this Court based on continuous and systematic contacts within this judicial district because (a) Skyworth has offices in City of Industry, California; and (b) Skyworth distributes and sells products in this judicial district.  Furthermore, this Court has personal jurisdiction over Skyworth pursuant to the terms of the software license agreement entered into by Skyworth with Cadence ("Clickwrap License Agreement") in which Skyworth specifically agreed that all disputes arising out of the agreement would be subject to the

exclusive jurisdiction of the federal and state courts within California.

18. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) because a substantial amount of the events and injury occurred in this judicial district and Skyworth Parent, Skyworth Auto, and Skyworth EA are alien corporations. Venue is also proper in this judicial district pursuant to the terms of the Clickwrap License Agreement.

## BACKGROUND

### Cadence's Software

19. Founded in 1988, Cadence is a leading provider of electronic design automation ("EDA") and semiconductor intellectual property ("IP").

20. Cadence produces such products, well-known throughout the EDA world, as the Cadence Allegro® and Cadence OrCAD® design platforms. The Allegro® system is a highly sophisticated integrated design platform used for printed circuit board ("PCB") authoring and implementation, integrated circuit package and System-in-Package design, signal and power integrity analysis, and other hardware development functions. Cadence offers the OrCAD® design platform to individuals and smaller teams who want hardware design tools but do not need the full power of the Allegro® system.

21. Cadence products are used by a wide array of customers, including semiconductor manufacturers, car makers, wireless technology makers, and others. Cadence's sophisticated suite of products helps engineers to design, model, and optimize integrated circuits, circuit boards and other electronic components used in myriad industries—from computers, to cell phones, to remote-controlled drones. Cadence's products have received awards and accolades from such respected publications as EE Times, EDN, and Electronic Products Magazine.

22. Cadence licenses its products throughout the United States as well as in Europe, Asia and other parts of the world. Today, thousands of companies worldwide use Cadence's products and over 54 percent of Cadence's business revenue comes from outside the United States. Licenses for Cadence products range from roughly $1,500 to over $3 million per license.

23. Cadence owns United States copyright registrations for Cadence Allegro®, Cadence OrCAD®, Cadence PSpice®, and Cadence Sigrity, as well as updates and improvements to those

applications. Copies of Cadence's registrations are attached hereto as Exhibit A. These registrations bear registration numbers TX 7-751-386, TX 8-264-236, TX 8-322-031, TX 8-320-041, TX 8-320-014, TX 8-319-984, TX 8-320-010, TX 8-320-016, TX 8-320-040, TX 8-320-008, and TX 8-322-028. Cadence has also submitted an application to the U.S. Copyright Office to register updates and improvements to Cadence Allegro®. This application bears serial number 1-4754272646.

**Cadence's Clickwrap License Agreement**

24. Cadence's valuable software is not available without a license, and is protected from unauthorized use by various technical measures. First, to install Cadence Software, potential users must agree to the terms of a Clickwrap License Agreement by affirmatively "clicking" their acceptance. By accepting the terms of the Clickwrap License Agreement, users agree not to use unauthorized copies of Cadence software. Users further agree "to exclusive jurisdiction in the federal and state courts of California, U.S.A. in the event of a dispute" and that the "Agreement will be governed by the procedural and substantive laws of the State of California, U.S.A., without regards to its conflicts of laws principles."

25. The Clickwrap License Agreement, to which Skyworth agreed each time it installed Cadence software (legally or illegally), contains all of these terms, and affirmatively requires users to have a validly purchased license for every copy of Cadence software "in use."

**Cadence Software Security Measures**

26. Cadence License Server is a security program which allocates available licenses to individual users. Cadence License Server can be installed by a single user on the same system being used to run Cadence Software, or it can be used on a networked computer to allocate licenses in a multi-user environment.

27. Upon launch, Cadence Software communicates with Cadence License Server to determine whether the user has a valid license. The Cadence Software will not operate unless and until Cadence License Server confirms that the user has a valid license. Cadence License Server thus effectively controls access to the Cadence Software.

28. Cadence has further invested in the security of its valuable software by implementing tracking tools. This antipiracy software is capable of detecting unauthorized use of Cadence

1  Software, and automatically reports data of any such unauthorized use to a centralized server.

**Skyworth's Use of Stolen Cadence Software**

29. Skyworth designs, manufactures, and distributes consumer electronics. Its products include televisions, digital set-top boxes for televisions, security monitors, and more. Skyworth has partnered with such household names as Toshiba. As of June 2017, Skyworth was set to take over marketing of Toshiba televisions in the Philippines. Alfred Bayle, *Android TV Series Unveiled by Skyworth, Toshiba for Philippine Market*, http://technology.inquirer.net/63757/android-tv-series-unveiled-by-skyworth-toshiba-for-philippine-market (Jun. 8, 2017).

30. According to Skyworth's website, Skyworth "ranks among the top ten brands of color TV [*sic*] in the world . . . and lists in the 13th place among the top 100 electronic enterprises of China[.]" About Us Company Profile, Skyworth, http://investor.skyworth.com/html/about.php (last visited Apr. 25, 2018).

31. Over the course of many years, including within the past four years, Skyworth has obtained and used Cadence Software without authorization and without paying the requisite license fees. On numerous occasions, Skyworth downloaded, installed, and used multiple versions of the Cadence Software without authorization from Cadence.

32. To accomplish this, Skyworth obtained unauthorized Cadence Software on websites (such as file sharing and torrent sites) known to traffic in illegal software and other content. By using these websites and related services, Skyworth was able to avoid logging into Cadence's website and was instead able to obtain copies of Cadence Software unlawfully and anonymously. Skyworth thus obtained many more unauthorized copies of Cadence Software than the eleven copies Skyworth licensed—without its illicit activities being detected by Cadence.

33. Skyworth also knowingly obtained unauthorized software license keys from such sources and circumvented electronic protections built into the software. Skyworth knowingly uses these "cracked" software keys in order to use and/or continue using the Cadence Software without having to pay Cadence for a legitimate license.

34. By secretly obtaining and using illegally downloaded and copied Cadence Software without authorization, Skyworth has not only avoided paying millions of dollars in license fees, but

has been able to obtain technical support from Cadence and develop its commercial products at an unfair competitive advantage, thereby capturing a significant portion of the wireless telecommunications market, including throughout the United States and here in the Northern District of California.

**Cadence's Evidence of Skyworth's Use of Stolen Cadence Software**

35. To date, Skyworth has purchased 11 licenses for Cadence software products.

36. In contrast, Cadence has discovered unauthorized copies of its software on no less than 600 computers belonging to or affiliated with Skyworth. Many of these computers have company domain names and/or email names that expressly identify Skyworth subsidiary Yulong. Even without discovery, Cadence has detected unauthorized use of Cadence Software on these computers over *186,000* times. This represents only a fraction of Skyworth's unauthorized uses.

37. By way of example, from one machine with host name sky041086-pc, company domain skyworth.com, and email domain skyworth.com, Cadence found evidence of roughly 400 instances of unauthorized use of Cadence software in an eleven-month span. From another machine with hostname sky0-20160904fy, company domain skyworth.com, and email domain skyworth.com, Cadence found evidence of over 1,420 instances of unauthorized use of Cadence software in a roughly one-year span.

38. The software that Skyworth has used without authorization is very valuable. For example, a single one-year license for one of the premium products that Skyworth has used without authorization costs over $130,000.

**Skyworth's Continued Unauthorized Use of Cadence Software Despite Notice**

39. In March of 2016, upon discovering the unauthorized uses described above, Cadence wrote to Skyworth requesting that Skyworth cease any unauthorized usage of Cadence Software, and compensate Cadence for the past, unauthorized usage. After one response, Skyworth refused to engage directly with Cadence. Therefore, between March 2016 and June of 2017, Cadence's channel partner and Skyworth engaged in discussions regarding Skyworth's unauthorized use of Cadence Software. Despite these discussions and the compelling evidence Cadence provided, Skyworth continued to use Cadence Software illegally and, in fact, continues its unauthorized use

through today.

## COUNT I

**(Copyright Infringement Under 17 U.S.C. § 501)**

40. Cadence incorporates and realleges by reference paragraphs 1 through 39 above as if set forth in full herein.

41. Cadence is the owner of the copyright in the Cadence Software. A true and correct copy of Cadence's Certificates of Registration, Reg. Nos. TX 7-751-386, TX 8-264-236, TX 8-322-031, TX 8-320-041, TX 8-320-014, TX 8-319-984, TX 8-320-010, TX 8-320-016, TX 8-320-040, TX 8-320-008, and TX 8-322-028 are attached hereto as Exhibit A. In addition, Cadence has also applied to register updates and improvements to Cadence Allegro®. This application bears serial number 1-4754272646.

42. Cadence has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyrights in the Cadence Software, as reflected in its copyright registrations attached as Exhibit A and its application (as alleged *supra*).

43. Skyworth has downloaded or otherwise copied and installed the Cadence Software on its computers without permission or authorization from Cadence in order to research and develop products that Skyworth sells in the United States for substantial profit.

44. Skyworth's unauthorized use and/or duplication of Cadence's copyrighted software constitutes copyright infringement under 17 U.S.C. § 501. Skyworth's actions in violation of the Copyright Act have been knowing and willful.

45. Skyworth's conduct is causing, and is likely to continue to cause, injury to Cadence, entitling Cadence to: (i) preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502; (ii) its actual damages and Skyworth's profits or, alternatively, statutory damages pursuant to 17 U.S.C. § 504; and (iii) costs and attorneys' fees pursuant to 17 U.S.C. § 505.

46. Cadence has suffered substantial actual damages as a result of Skyworth's unauthorized and illegal use of such copyrighted materials. As a result of Skyworth's wrongful actions, Cadence has suffered damages in an amount to be proven at trial but alleged to be at least many millions of dollars in unpaid license fees plus interest and attorneys' fees. Further, as an

alternative to actual damages, Cadence is entitled to statutory damages in an amount up to $150,000 per infringed work, plus interest and attorneys' fees.

47. Cadence has no adequate remedy at law, however, and Skyworth's unlawful conduct will continue to cause Cadence irreparable injury unless Cadence is enjoined by this Court.

## COUNT II

### (Circumvention of Access Controls Under 17 U.S.C. § 1201)

48. Cadence incorporates and realleges by reference paragraphs 1 through 47 above as if set forth in full herein.

49. The Cadence Software employs technological measures that effectively control access to the Cadence Software.

50. Skyworth downloaded and used software that (i) modifies the Cadence Software to bypass the access control to allow it to recognize unauthorized license keys and/or (ii) generates unauthorized license keys that enabled Skyworth to bypass the security access mechanisms and copyright protections in the Cadence Software, in violation of 17 U.S.C. § 1201(a)(1).

51. Skyworth's actions have been and continue to be knowing and willful.

52. Skyworth's conduct is causing and is likely to continue to cause injury to Cadence, entitling Cadence to the following remedies pursuant to 17 U.S.C. § 1203: (i) preliminary and permanent injunctive relief; (ii) its actual damages and Skyworth's profits or, alternatively, statutory damages; and (iii) costs and attorneys' fees.

53. Cadence has suffered substantial actual damages as a result of Defendants' unauthorized and illegal actions.  As a result, Cadence is entitled to damages in an amount to be proven at trial but alleged to be at least many millions of dollars in unpaid license fees plus interest and attorneys' fees.  Further, as an alternative to actual damages, Cadence is entitled to statutory damages in an amount up to $2,500 per act of circumvention, device, product, component, offer, or performance of service, plus interest and attorneys' fees.

54. Cadence has no adequate remedy at law, however, and Skyworth's unlawful conduct will continue to damage Cadence unless Skyworth is enjoined by this Court.

# COUNT III

## (Breach of Contract—Clickwrap Agreement)

55. Cadence incorporates and realleges by reference paragraphs 1 through 54 above as if set forth in full herein.

56. In order to install and use the Cadence Software, Skyworth expressly agreed to and became bound by the terms of a Clickwrap License Agreement.

57. By copying, sharing, and using the Cadence Software without authorization from Cadence, by using key codes not provided by Cadence, by taking action to circumvent the key codes, by installing the Cadence Software on its computers without authorization, and by not paying a licensing fee, Skyworth has breached the terms of the Clickwrap License Agreement.

58. Cadence is entitled to its damages resulting from such breaches in addition, but not limited to, payment of the license fees to which Skyworth agreed.

59. As a direct and proximate result of Skyworth's breaches, Cadence has suffered damages in an amount to be proven at trial but believed to be at least many millions of dollars in unpaid license fees plus interest.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Cadence prays that this Court provide relief by:

a. Preliminarily and permanently enjoining and restraining Skyworth, their officers, directors, agents, employees and all other individuals, firms, corporations, associations and partnerships affiliated, associated or acting in concert with them from using the Cadence Software or any other Cadence software to which they hold no valid license;

b. Awarding Cadence compensatory and actual damages;

c. Ordering Skyworth to provide an accounting of its profits;

d. Awarding Cadence its lost profits plus Skyworth's profits;

e. In the alternative to actual damages under the Copyright Act, at the election of Cadence, awarding Cadence statutory damages for Skyworth's copyright infringement and/or circumvention of access controls, and increasing those damages because of Skyworth's willful infringement and/or circumvention;

f.   Requiring Skyworth to deliver upon oath, to be impounded during the pendency of this action, all infringing copies of Cadence's copyrighted works, any unauthorized software used to circumvent the licensing restrictions on the Cadence Software, and any products produced, designed, or manufactured, in part or in whole, with or in conjunction with the Cadence Software; and that an order of impoundment and/or seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act and by the United States Supreme Court Copyright Practice Rules (1909); and that at the conclusion of this action, the Court shall order all such materials so held to be surrendered to Cadence or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper;

g.   Awarding Cadence its attorneys' fees and costs;

h.   Awarding Cadence such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Plaintiff Cadence Design Systems, Inc. demands a trial by jury on all issues so triable.

DATED: April 25, 2018

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: /S/ Diana M. Torres
Diana M. Torres
diana.torres@kirkland.com
Mark C. Holscher
mark.holscher@kirkland.com
Tanya Greene (SBN 267975)
tanya.greene@kirkland.com
Lauren Schweitzer
lauren.schweitzer@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California  90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorney for Plaintiff
CADENCE DESIGN SYSTEMS, INC.